

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CE DESIGN LTD., individually and as the representative for a class of similarly-situated persons, ) ) ) ) | |
| Plaintiff, ) ) | No. 07 C 66 |
| ) | Hon. Judge John W. Darrah |
| v. ) ) | |
| EXTERIOR SYSTEMS, INC. d/b/a NORANDEX REYNOLDS DISTRIBUTION COMPANY, ) ) ) ) | |
| Defendant. ) | |

## FINAL APPROVAL OF SETTLEMENT AGREEMENT AND JUDGMENT

This matter came before the Court for hearing on December 6, 2007, at 1:30 p.m. in Room 1203 at the United States Courthouse in Chicago, Illinois.

On October 16, 2007, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") to the class-wide settlement proposed by Plaintiff and Defendant, as memorialized in the Settlement Agreement provided to the Court.

On December 5, 2007, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

Having considered the Parties' moving papers, the Settlement Agreement, and all other evidence submitted concerning Plaintiff's motion,

IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over Plaintiff, Defendant, the members of the Settlement Class, and the claims asserted in this lawsuit.

2. This Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including but not limited to, the releases therein, and finds that it is in all respects fair, reasonable and adequate, and in the best interest of the Settlement Class. Any objections that were filed, timely or otherwise, have been considered and are overruled. Therefore, all members of the Settlement Class who have not opted out are bound by this Final Judgment and Order.

## Class Certification

4. The provisionally certified class (the "Settlement Class") is now finally certified pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All 1,892 persons (including individuals, entities, and organizations of any kind of nature) to which Exterior Systems, Inc., or anyone acting on its behalf, sent faxes advertising the commercial availability of any property, goods, or services without prior express permission or invitation and with whom no established business relationship existed.

Excluded from the Class are Defendant, any parent, subsidiary, affiliate or controlled person of Defendant, as well as the officers, directors, agents, servants or employees of Defendant and the immediate family members of such persons, and the members of the judiciary.

5. Plaintiff is designated as the class representative.

6. Attorneys Phillip A. Bock and Brian J. Wanca are appointed as Class Counsel.

7. The certification of the Settlement Class is non-precedential and without prejudice to Defendant's rights under the Settlement Agreement if the Settlement Agreement and this Final Judgment and Order do not become effective as provided in the Settlement Agreement.

## Class Notice

8. The form of "Notice of Class Action and Proposed Settlement Class Notice" fully complied with the requirements of FRCP 23(c) and due process, constituted the best notice

practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Fed. R. Civ. P. 23(a), (b)(3), and (e). Notice was given by facsimile to the Settlement Class on October 26, 2007. Shortly thereafter, notice was given by first-class mail where the fax notice failed. This Court finds that the form of notice and its means of distribution fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

10. No objection was filed by any Settlement Class Member.

11. No member of the Settlement Class requested exclusion from the Settlement Class.

### Class Compensation

12. After deducting and paying only the incentive payment and attorneys' fees and costs awarded below, and $250.00 for class notice, Exterior will issue a check to each member of the Settlement Class (including Plaintiff) that did not exclude itself, for a *pro rata* share of the Settlement Fund up to $500.00.

13. Checks issued to the members of the Settlement Class will be void 91 days after issuance.

14. Defendant shall pay any and all funds remaining in the Settlement Fund 92 days after checks were issued to the Settlement Class to Prairie State Legal Services, 325 West Washington Street, Suite 100, Waukegan, IL 60085, as a *cy pres* award.

### Awards of Incentive Fee and Attorneys' Fees and Costs

15. The Court grants Class Counsel's application for an incentive award from the Settlement Fund to Plaintiff, the class representative, in the amount of $9,500.00, finding that such a payment is justified by Plaintiff's service to the Settlement Class. The Court authorizes Exterior to pay that money from the Settlement Fund.

16. The Court grants Class Counsel's application for attorneys' fees and costs in the total amount of $105,686.33 from the Settlement Fund. The Court authorizes Exterior to pay that money from the Settlement Fund.

### Accounting for the Settlement Fund

17. Exterior shall provide a final accounting of all settlement funds to Class Counsel within 180 days after the Effective Date.

### Release

19. Plaintiff and each Settlement Class Member (except a Settlement Class Member who has obtained proper and timely exclusion from the Settlement Class); and to the extent the Settlement Class Member is a business, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest; and all of their respective present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors, and assigns of each Settlement Class Member; and to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each Settlement Class Member, hereby release and forever discharge, as of the Effective Date, Defendant, as well as all of its present, former, and future direct and indirect

parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest; and all of the their respective present, former, and future officers, directors, employees, shareholders, attorneys, agents, insurers, independent contractors, and assigns, from any and all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that, as of the date that the final judgment is entered, arise out of or are related in any way to the acts, omissions, facts, matters, transactions, or occurrences (including, but not limited to, for violation of the federal Telephone Consumer Protection Act.) The claims released in this paragraph are referred to as the "Released Claims," and the parties released are referred to as the "Release Parties."

20. Without limiting the foregoing, the Released Claims specifically exclude claims relating to advertisements (if any) sent by fax to customers of Defendant. Plaintiff and each of the Settlement Class Members understand and acknowledge that they may discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of the Released Claims, without regard to the subsequent discovery or current existence of any such additional or different facts, and in furtherance of such intention, the release of these Released Claims shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts. No claims are released for faxes sent to Defendant's customers.

### Other Provisions

21. The Court adopts and incorporates the Settlement Agreement by reference herein.

22. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class (except that the dismissal is without prejudice as to Settlement Class Members who properly requested exclusion from the Settlement Class), without fees or costs except as provided above.

23. This Court retains continuing jurisdiction over this action, Plaintiff, Defendant, and all members of the Settlement Class to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement.

24. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

25. If (a) the Settlement Agreement is terminated pursuant to its terms, (b) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order do not for any reason become effective, or (c) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect, then (a) any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, and (b) the instant action shall proceed as though the Settlement Class had never been certified. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Judgment and Order shall be void and shall be deemed vacated. Defendant retains the right to oppose class certification if the settlement is vacated.

Dated: Dec 6, 2007

Judge John W. Darrah